ALAN M. KAUFMAN, ESQ. CSB: 57449
DAVID J. KAUFMAN, ESQ. CSB: 183326
KAUFMAN & KAUFMAN
220 Montgomery Street, Suite 966
San Francisco, California 94104
Telephone: (415) 956-4616
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALJIT SINGH,<br><br>  Plaintiff,<br><br>  vs.<br><br>ROBIN BARRETT, Field Office Director, U.S. Citizenship and Immigration Services, and NANCY ALCANTAR, Field Office Director, U.S. Immigration and Customs Enforcement,<br><br>  Defendant. | CASE NO. 3:07-cv-03963-PJH<br><br>COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTION |

Plaintiff alleges:

1.  This action is brought pursuant to the provisions of 28 U.S.C. § 1331 and 5 U.S.C. §§701 - 706.

2.  Defendant ROBIN BARRETT (BARRETT) is the San Francisco, California Field Office Director of the United States Citizenship and Immigration Services, (USCIS), an agency of the United States as defined by 5 U.S.C. §701(b)(1), charged with the duty to administer and enforce the Immigration and Nationality Act (INA), including the adjudication of applications to adjust status filed by aliens pursuant to INA §245(a), 8 U.S.C. § 1255 (a) in accordance with 8 C.F.R. §245.2(a).

3.  Defendant NANCY ALCANTAR (ALCANTAR) is the San Francisco, California Field Office Director of the United States Immigration and Customs Enforcement (ICE), an agency of the United States as defined by 5 U.S.C. §701(b)(1), charged with the duty to administer and enforce the INA, including the arrest and detention of aliens and the execution of

orders of removal, deportation and exclusion.

4. Plaintiff is a citizen and national of India who is the beneficiary of an approved visa petition filed on his behalf by his wife, Mele Koka Alatini, a U.S. citizen (Exhibit A).

5. On July 28, 1998, Plaintiff filed an application to adjust status, under INA §245(a), with USCIS' predecessor, the former United States Immigration and Naturalization Service at San Francisco, California (Exhibit B).

6. Defendant Barrett has exclusive jurisdiction to adjudicate Plaintiff application to adjust status filed pursuant to INA § 245(a).

7. On October 11, 2005, Plaintiff was ordered excluded and deported by order of the Immigration Judge, Office of the Immigration Judge, Executive Office for Immigration Review, at San Francisco, California (Exhibit C).

8. On January 5, 2007, the Board of Immigration Appeals, Executive Office for Immigration Review, dismissed Plaintiff's appeal from the Order of the Immigration Judge (Exhibit C).

9. Plaintiff is now the subject of a final order of exclusion and deportation and is currently in custody and Defendant Alcantar is now in the process of executing the order of exclusion and deportation..

10. Defendant Barrett has failed and continues to fail to adjudicate plaintiff's petition application to adjust status.

11. Defendant Barrett, in failing to adjudicate plaintiff's application to adjust status, within a reasonable period, has acted arbitrarily, capriciously and contrary to law.

12. There is a real and actual controversy between the parties. Plaintiff has no adequate remedy at law. Plaintiff has suffered and continues to suffer irreparable injury as a result of defendant's failure to adjudicate his application to adjust status.

WHEREFORE, plaintiff prays judgment.

1. Declaring that Plaintiff is statutorily eligible to adjust status pursuant to INA section 245(a).

2. Declaring that Defendant Barrett is required, by law, to adjudicate Plaintiff's application to adjust status filed pursuant to INA §245(a).

3. Ordering Defendant Barrett to complete her review and adjudication of Plaintiff's application to adjust status within a reasonable period of time.

4. Enjoining Defendants from removing, deporting or excluding Plaintiff from the United States until Plaintiff's pending application to adjust status is adjudicated including all appeals and reviews he is legally entitled to seek.

5 Awarding plaintiff costs and reasonable attorney fees incurred in this action.

6. Granting such other and further relief as may be appropriate.

Date: September 6, 2007

Respectfully submitted.

_____
DAVID J. KAUFMAN
Attorney For Plaintiff